MCGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00031 NONE SKO |
|---|---|
| Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER THEREON** |
| v. | |
| DIEGO LUA-GARCIA, | Date: December 7, 2020<br>Time: 1:00 p.m.<br>Honorable Sheila K. Oberto |
| Defendant. | |

The United States of America, by and through MCGREGOR W. SCOTT, United States Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendant, by and through his respective attorney of record, Victor M. Perez, hereby stipulate to continue the status conference in this case from December 7, 2020 until March 17, 2021 at 1:00 p.m.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION TO CONTINUE STATUS CONFERENCE         1

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

STIPULATION TO CONTINUE STATUS CONFERENCE        2

1  justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date
2  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
3  pretrial continuance must be "specifically limited in time").

4  The parties request that time be excluded between December 7, 2020 and March 17, 2021 for the
5  following reasons:  Discovery in this case was provided on February 14, 2020, April 2020, and June 15,
6  2020, and during the week of November 30, 2020, comprised of voluminous investigative reports, wire
7  interceptions recordings and electronic messages, precise location information data, and more,
8  approximately 82,000 pages/files.  Defense counsel requires additional time to review the discovery, to
9  conduct additional investigation and legal research, and to confer with her client about how to proceed
10 in this case.   The proposed status conference date represents the earliest date that all counsel are
11 available thereafter, taking into account counsel's schedule, defense counsel's commitments to other
12 clients, and the need for preparation in the case and further investigation.  In addition, the public health
13 concerns cited by General Orders 611, 612, 617, 618, and 620 and presented by the evolving COVID-19
14 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant
15 individuals have been encouraged to telework and minimize personal contact to the greatest extent
16 possible.  It will be difficult to avoid personal contact should the hearing proceed.

17 The parties further believe that time should be excluded, in that failure to grant the requested
18 case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny
19 both the defendants and the government the reasonable time necessary for effective preparation, taking
20 into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).
21 Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the
22 interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial
23 ///
24 ///
25 ///

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION TO CONTINUE STATUS CONFERENCE      3

Act.  Therefore, the parties request that the Court exclude the time between December 7, 2020 and March 17, 2021  from calculations under the Speedy Trial Act.

| | |
|---|---|
| Dated: November 23, 2020 | MCGREGOR W. SCOTT<br>United States Attorney<br><br>/s/ *Kathleen A. Servatius*<br>KATHLEEN A. SERVATIUS<br>Assistant United States Attorney |
| DATED:  November 23, 2020 | /s/ *Victor Perez*<br>Victor Perez, Attorney for Diego Lua-Garcia<br><br>THE PEREZ LAW FIRM<br>1304 W. Center Avenue<br>Visalia CA 93291<br>Telephone: (559) 625-2626<br>Facsimile:  (559) 625-3064 |

### ORDER

IT IS HEREBY ORDERED that the status conference in this case be continued from December 7, 2020, until March 17, 2021, at 1:00 p.m.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 7, 2020 until March 17, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:  **November 24, 2020**        /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE