PHILLIP A. TALBERT
United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00031-NONE-SKO |
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER THEREON |
| v. | Date: May 4, 2022 |
| DIEGO LUA-GARCIA, | Time: 1:00 p.m. |
| Defendant. | Honorable Sheila K. Oberto |

**STIPULATION**

This case is set for a status conference on May 4, 2022, which the parties stipulate to continue to August 17, 2022, for the reasons set forth below.

1. Discovery in this case was provided on February 14, 2020, April 2020, and June 15, 2020, and during the week of November 30, 2020, comprised of voluminous investigative reports, wire interceptions recordings and electronic messages, precise location information data, and more, approximately 82,000 pages/files.

2. Defense counsel requires additional time to review the discovery, to conduct additional investigation and legal research, and to confer with his client about how to proceed in this case.

3. The proposed status conference date represents the earliest date that all counsel are available thereafter, taking into account counsels' schedules, defense counsels' commitments to other clients, and the need for preparation in the case and further investigation.

4. In addition, the public health concerns cited by General Order 611, 612, 617, 618, 620, 635,

and 640 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed, and it is difficult for defense counsel to meet with their clients and review discovery.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case. 18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties request that the Court exclude the time from May 4, 2022, until the new status conference date on August 17, 2022, from calculations under the Speedy Trial Act.

IT IS SO STIPULATED.

Dated:  April 26, 2022                              PHILLIP A. TALBERT
                                                    United States Attorney


                                                    By:   /s/ KATHERINE E. SCHUH
                                                          KATHERINE E. SCHUH
                                                          Assistant United States Attorney


Dated: April 26, 2022                               /s/ *Victor Perez*
                                                    Attorney for Defendant
                                                    Diego Lua-Garcia

**O R D E R**

IT IS HEREBY ORDERED that the status conference in this case be continued from May 4, 2022, until August 17, 2022 at 1:00 p.m.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 4, 2022 and August 17, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

The parties shall be prepared to select a mutually agreeable trial date at the next status conference.

IT IS SO ORDERED.

DATED:   4/26/2022

*Sheila K. Oberto*
HONORABLE SHEILA K. OBERTO
United States Magistrate Judge